IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02658-PAB-KLM

ROBERT FRANK HARRIS,

　　Plaintiff,

v.

UNITED STATES OF AMERICA,

　　Defendant.
_____

## ORDER ON MOTION TO STAY
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　This matter is before the Court on Defendant's **Motion to Stay Discovery Pending Ruling on Defendant's Motion to Dismiss (Doc. 14)** [Docket No. 17; Filed March 1, 2010] (the "Motion"). Plaintiff does not oppose the Motion [Docket No. 23; Filed April 22, 2010]. I have reviewed the Motion, the entire case file and the relevant law, and am advised in the premises.

　　Although a stay of discovery is generally disfavored in this jurisdiction, the Court has broad discretion to stay an action while a Motion to Dismiss is pending pursuant to Fed. R. Civ. P. 26(c). *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here. *Id.* First, the Court balances the Plaintiff's desire to proceed expeditiously with his case against the burden on Defendant of proceeding forward. *Id.* Defendant has filed a Motion to Dismiss asserting, *inter alia*, that the Court lacks subject matter jurisdiction because Plaintiff's claims are

barred by the statute of limitations and that the Complaint fails to state claim for which relief may be granted. Defendant has done more than offer conclusory assertions that jurisdiction is lacking – the United States has filed a Motion to Dismiss supported by legal analysis.[1] In such a circumstance, the Court determines that the burden on Defendant of going forward with discovery outweighs the desire of Plaintiff to have his case proceed expeditiously. *See id.* (finding "that subjecting a party to discovery when a motion to dismiss . . . is pending may subject him to undue burden and expense, particularly if the motion to dismiss is later granted"). The Court also notes that Plaintiff does not oppose the stay of his case pending resolution of the Motion to Dismiss.

The Court also considers its own convenience, the interest of non-parties, and the public interest in general. None of these factors prompt the Court to reach a different result. In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of the suit" when, as here, a dispositive motion is pending. *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, 2007 WL 4165397, at *2 (D.C.Cir. Nov. 27, 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)). Likewise, the imposition of a stay pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of

---

[1] At this time, the Court takes no position as to whether Defendant's Motion to Dismiss should be granted, but merely notes that it appears that the Motion is based upon more than idle speculation.

economy and efficiency, since if [the motion] is granted, there will be no need for discovery." *Id.* at 5. Finally, there are no compelling nonparty or public interests triggered by the facts at issue.

Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. The case is **STAYED**, until such time as the Court rules on Defendant's Motion to Dismiss [Docket No.14].

Dated: April 27, 2010

BY THE COURT:

\_\_s/ Kristen L. Mix_____
United States Magistrate Judge