IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02658-PAB-KLM

ROBERT FRANK HARRIS,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

---

**ORDER**

---

The matter before the Court is Plaintiff's Request for Assignment to District Judge [Docket No. 27], wherein plaintiff, who is pro se, "requests assignment of this case to a Magistrate Judge be vacated and reassigned to a District Judge." Plaintiff also states that he can show "extraordinary circumstances" in accordance with "28 USC ¶ 4," which he asks to present to the Chief Judge under seal. Because plaintiff is proceeding *pro se*, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

Plaintiff confuses two provisions of 28 U.S.C. § 636 concerning jurisdiction of magistrate judges. If the parties to a case consent, the assigned magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter." 28 U.S.C. § 636(c)(1). Under subsection (c), a magistrate judge could, for example, rule on dispositive motions and conduct jury trials. However, no such consent has been given by both parties in this case. *See* Scheduling Order [Docket No. 20], at 5. Thus, plaintiff's reference to

"28 USC ¶ 4," which the Court interprets as a reference to 28 U.S.C. § 636(c)(4), is inapplicable to this case. Section 636(c)(4) allows the district court, "under extraordinary circumstances shown by any party," to vacate a reference of a civil matter to a magistrate judge "under this subsection." The parties here have not consented to magistrate judge jurisdiction under § 636(c), and § 636(c)(4) only applies to situations where the parties had originally given such consent.

The Court's order of reference to the magistrate judge in this case was made pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). As explained in *Walker v. Univ. of Colo. Bd. of Regents*, Civil Action No. 06-cv-02236-LTB-CBS, 2007 WL 841797, at *2 (D. Colo. Mar. 20, 2007),

> [w]here, as here, the parties did not consent to proceeding before the magistrate judge under § 636(c)(1), the district court may still designate a magistrate judge to consider various matters pursuant to § 636(b). These matters are generally categorized as "dispositive" or "nondispositive," see *United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed.R.Civ.P. 72, and a magistrate judge's authority with respect to each category is different. Section 636(b)(1)(A) authorizes a judge to designate a magistrate judge to hear and determine any pretrial matter except for certain dispositive motions listed therein. The district court reviews a section 636(b)(1)(A) determination to determine whether the "magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Section § 636(b)(1)(B) provides that "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." 28 U.S.C. § 636(b)(1)(A). The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

The Court referred pretrial motions to the assigned magistrate judge pursuant to Local Rule 72.1C and Rule 72 of the Federal Rules of Civil Procedure. *See* Order of Reference to United States Magistrate Judge [Docket No. 3]. As noted by the Tenth Circuit Court of Appeals in *Ramsey v. Peake,* No. 08-1202, 2009 WL 166488 at *2 (10th Cir. Jan. 26, 2009), Local Rule 72.1C properly implements 28 U.S.C. § 636(b)(1) and a plaintiff's consent is not required for such referral.

Plaintiff's request that the referral of this matter to a magistrate judge be vacated is not well founded. Accordingly, it is

ORDERED that Plaintiff's Request for Assignment to District Judge [Docket No. 27] is denied.

DATED May 4, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge