IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02658-PAB-KLM

ROBERT FRANK HARRIS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss for Lack of Subject Matter Jurisdiction Under 12(b)(1) and for Failure to State a Claim Under 12(b)(6)** [Docket No. 14; Filed February 19, 2010] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR. 72.1(C)(3), the Motion has been referred to this Court for a recommendation. The Court has reviewed the Motion, Plaintiff's Response to the Motion [Docket No. 22], Defendant's reply in support of the Motion [Docket No. 24], the entire case file, the relevant law, and I am advised in the premises. For the reasons set forth below, I **RECOMMEND** that the Motion be **GRANTED** based on the lack of subject-matter jurisdiction.

**I. Background**

This is a medical malpractice case alleging that the United States Department of Veteran Affairs ("VA") failed to timely diagnose Plaintiff's osteoporosis. He brings this

1

action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"). Plaintiff alleges that from October 1995 through August 2004 he sought medical treatment for cervical, thoracic, and lumbar spine pain at the VA Medical Center in Washington, DC. *Complaint* [#1] at ¶ 3.4. Plaintiff asserts that the Medical Center treated patients living in Alexandria, Virginia, *id.* at ¶ 1.3, where Plaintiff then resided, *id.* at 1.4.[1]

The Complaint asserts six claims pursuant to the FTCA. Each claim alleges that radiologists at the VA Medical Center failed to diagnose Plaintiff's medical condition. In Count 1, Plaintiff asserts that on October 23, 1995, Dr. Samira, a staff radiologist, failed to diagnose "the readily apparent and numerous vertebral fragility fractures that exist in the Plaintiff's mid-Thoracic spine." *Id.* at ¶ 4.1. Plaintiff alleges that this conduct occurred again on May 12, 1996. *Id.* at ¶ 4.2. Counts 3 and 5 concern conduct that occurred on September 15, 1998 and May 3, 2004. Plaintiff alleges that staff radiologists failed to diagnose his lumbar osteoporosis on those dates. *Id.* at ¶¶ 4.3, 4.5. Count 4 alleges that on June 23, 2003, a radiologist failed to diagnose cervical and thoracic osteoporosis. *Id.* at ¶ 4.4. In Count 6, Plaintiff alleges that ten years elapsed before the diagnosis and treatment of his metabolic disease. As a result, he alleges that he has suffered permanent disability, physical and mental pain and suffering, and loss of income. *Id.* at 4.6.

## II. Analysis

### A.     Standard of Review

Defendant moves to dismiss the Complaint on the ground that the Court lacks

---

[1] This case was originally filed in the Eastern District of Virginia. That court transferred the case to this District based on improper venue. The transfer was based on Plaintiff's present residence in Colorado.

subject-matter jurisdiction. Because federal courts are courts of limited jurisdiction, the Court must have a statutory basis for exercising jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has subject-matter jurisdiction to properly hear the case before it. Dismissal of a federal claim for lack of subject-matter jurisdiction "is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)). A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack. When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

Defendant also moves to dismiss on the ground that Plaintiff has failed to state a valid claim. The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

3

that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility' of entitlement to relief." *Iqbal*,129 S. Ct. at 1949 (citation omitted).

B. Plaintiff's Status

The Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For example, the Court may treat a *pro se* litigant's complaint as an affidavit if it alleges facts based on personal knowledge and has been sworn under penalty of perjury.

4

*Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985) (citation omitted)). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### C. Statute of Limitations

The United States is immune from suit unless it has consented to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The FTCA constitutes a limited waiver of the United States' sovereign immunity for suits seeking money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of" a federal employee acting within the scope of his or her employment. 28 U.S.C. § 1346(b). The terms of the FTCA waiver define the parameters of a court's subject-matter jurisdiction. *United States v. Orleans*, 425 U.S. 807, 813-14 (1976).

Defendant asserts that the Court lacks subject-matter jurisdiction because Plaintiff failed to file his FTCA claim within the statute of limitations. The timeliness of a FTCA suit is "one of the conditions of the government's waiver of sovereign immunity under the FTCA and the district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in" 28 U.S.C. § 2401(b). *In re Franklin Savings Corp.*, 385 F.3d 1279, 1287 (10th Cir. 2004). The statute of limitations provision states that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years

after the such claim accrues . . . " 28 U.S.C. 2401(b). Thus, the Court must determine when Plaintiff's claim accrued.

A medical malpractice claim pursuant to the FTCA accrues when the plaintiff knows or through the exercise of due diligence should have known of the existence and cause of the injury. *United States v. Kubrick*, 444 U.S. 111, 123 (1979); *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991). The test is whether a reasonable person would have known of the injury. *Arroyo v. United States*, 766 F.2d 1416, 1422-23 (10th Cir. 1985). A FTCA claim accrues when a "plaintiff [is] in possession of the critical facts that he has been hurt and who has inflicted the injury." *Kubrick*, 444 U.S. at 122.

Plaintiff alleges that he could not be expected to know when his claim accrued because he had only a "layman's knowledge . . ." *Response* #22. A plaintiff's lack of medical education or knowledge does not affect the statute of limitations. The fact that a "plaintiff may be unschooled in medicine or that the case may be technically complex from a medical standpoint are not relevant considerations in determining accrual under the FTCA." *Cutting v. United States*, No. 07-02053-PAB-MEH, 2008 WL 5272529, at *2 (D. Colo. July 10, 2008). A plaintiff "armed with the facts" about his injury can "protect himself by seeking advice in the medical and legal community. To excuse [the plaintiff] from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims . . ." *Kubrick,* 444 U.S. at 123.

Plaintiff alleges that his medical problems are the result of a failure to diagnose osteoporosis. He asserts that he was not diagnosed with that condition until 2004 and that his claim was timely filed in 2006, within two years of his diagnosis. *Response* [#22]. The

6

Court disagrees. Based on the allegations in the Complaint, Plaintiff first went to the VA Medical Center in 1995 because he was suffering "thoracic and cervical spine pain." He alleges that the doctor "failed to diagnose the readily apparent and numerous vertebral fragility fractures . . ." *Complaint* [#1] at ¶ 4.1. Plaintiff asserts the same acts of malpractice occurred in visits to the medical center in 1996, 1998, 2003, and 2004. Finally, Plaintiff asserts that a time period of ten years elapsed before the "diagnosis and treatment" of his metabolic bone disease.

Plaintiff asserts that he filed his claim with the VA on August 18, 2004. *Complaint* [#1] at ¶ 2.1. His administrative claim was denied by the VA on February 17, 2009. *Id.* Plaintiff alleges that he first sought treatment for his back pain with the VA on October 23, 1995. Plaintiff knew or had reason to known the nature of his injury and the cause of the injury at his second appointment seeking treatment for the same medical condition on May 12, 1996. In any event, somewhere during the time frame alleged in the Complaint, Plaintiff knew or should have known the extent of his injury, which he describes as "readily apparent." Plaintiff knew that his pain was ongoing and that he was not given a diagnosis of osteoporosis in any of the four visits he made to the VA Medical Center. His need for repeated treatment provided sufficient notice that he was not being properly diagnosed. Plaintiff had an affirmative duty to exercise reasonable diligence in inquiring about the cause of the injury. *Arvayo*, 766 F.2d at 1422. Plaintiff did not do so.

Plaintiff's claim was not filed within two years of its accrual. Thus, Plaintiff has not complied with the FTCA's statute of limitations. *See* 28 U.S.C. § 2401(b). This Court lacks subject-matter jurisdiction over Plaintiff's claims and the Complaint should be dismissed.

D. Equitable Tolling

7

Although not directly raised by Plaintiff, but addressed by Defendant, the Court will consider whether the statute of limitations is equitably tolled. Once a defendant satisfies his initial burden to show that a claim is untimely, as Defendant has done here, the burden shifts to Plaintiff to establish a later accrual date of the statute of limitations to show that there is a basis to toll the accrual date. *Aldrich v. McCulloch Props., Inc.*, 627 F2d 1036, 1041 n. 4 (10th Cir. 1980).

Under federal law, equitable tolling applies "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990). Neither situation is present here. Moreover, courts have held that in the absence of congressional intent, the FTCA statute of limitations is not subject to equitable tolling. *See, e.g. Marley v. United States*, 548 F.3d 1286, 1292 (9th Cir. 2008); *Pipken v. United States Postal Service*, 951 F.2d 272, 275 (10th Cir. 1991); *McKinney v. United States*, 07-cv-00838-PAB-KMT, 2010 WL 749855, at *5 (D. Colo. Mar. 2, 2010). Equitable tolling should not be applied here.[2]

### III. Conclusion

Based on the foregoing,

IT IS **RECOMMENDED** that the Motion to Dismiss [#14] be **GRANTED** and the case **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

---

[2] Because the Court recommends that the case be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, I need not address Defendant's alternative argument that the case should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Amended Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 18, 2010

BY THE COURT:

__s/ Kristen L. Mix_____
United States Magistrate Judge